RAY C. BROWN and HELEN E. BROWN, his wife, Plaintiffs Below-Appellants,
v.
PHILIP A. FALCONE, HARBINGER CAPITAL PARTNERS MASTER FUND I, LTD., HARBINGER CAPITAL PARTNERS SPECIAL SITUATIONS FUND, SALTON, INC., LEONHARD DREIMANN, LESTER C. LEE, WILLIAM M. LUTZ, DAVID M. MAURA, JASON B. MUDRICK, STEVEN OYER, WILLIAM B. RUE, DAVID C. SABIN, DANIEL J. STUBLER, and BRUCE J. WALKER, Defendants Below-Appellees.
No. 239, 2009.
Supreme Court of Delaware.
Submitted: May 8, 2009.
Decided: June 17, 2009
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice
This 17th day of June 2009, upon consideration of the appellants' opening brief and the appellees' motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The plaintiffs-appellants, Ray C. Brown and Helen E. Brown (the "Browns"), filed an appeal from the Court of Chancery's April 17, 2009 order dismissing their complaint, without prejudice, for failure to properly effect service of process on the defendants-appellees, Philip A. Falcone, Harbinger Capital Partners Master Fund I, Ltd., Harbinger Capital Partners Special Situations Fund, Salton, Inc., Leonhard Dreimann, Lester C. Lee, William M. Lutz, David M. Maura, Jason B. Mudrick, Steven Oyer, William B. Rue, David C. Sabin, Daniel J. Stubler, and Bruce J. Walker ("Harbinger"). Harbinger has moved to affirm the judgment of the Court of Chancery on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and affirm.
(2) The record reflects that the Browns filed a complaint in the Court of Chancery on August 5, 2008. The complaint alleged breach of fiduciary duty claims against Harbinger in connection with a merger by and among Salton, Inc., SFP Merger Sub, Inc. and APN Holding Company, as evidenced by an Agreement and Plan of Merger dated as of October 1, 2007 (the "Merger Agreement").
(3) On September 2, 2008, the Browns filed a document in the Court of Chancery certifying that, on August 6, 2008, they had caused a copy of their complaint to be sent to Harbinger and its counsel by registered mail. On September 8, 2008, the Browns filed a motion in the Court of Chancery requesting that the Court of Chancery enter an order confirming that service of their complaint upon Harbinger by registered mail was proper pursuant to the consent-to-service provision set forth in Section 9.9 of the Merger Agreement.
(4) On October 9, 2008, the Vice Chancellor held a teleconference with the parties during which he denied the Browns' motion. He explained to the Browns that the Merger Agreement had an express "no third party beneficiary" clause whose purpose was to ensure that the parties to the merger and their boards would be the only beneficiaries of the Merger Agreement's provisions and, therefore, stockholders such as the Browns could not take advantage of its provisions. The Vice Chancellor further explained that, if the Browns wished to pursue their claims against Harbinger, they would have to utilize the applicable procedure under Delaware law governing service of process.
(5) The record reflects that, in spite of the Vice Chancellor's specific instruction to the Browns, they failed to effect service of process upon Harbinger in accordance with the requirements of Delaware law. Accordingly, the Court of Chancery dismissed their complaint, without prejudice, on April 17, 2009.
(6) In this appeal, the Browns claim that the Court of Chancery's decision was improper and unjust, and request that a Justice of the Delaware Supreme Court be appointed to preside over their claims against Harbinger.
(7) The record reflects that Section 9.5 of the Merger Agreement provides, in relevant part, that "nothing in this Agreement, express or implied, is intended to confer on any Person other than the parties hereto or their respective successors and assigns any rights, remedies, obligations or liabilities under or by reason of this Agreement." Under Delaware law, persons who are neither parties nor intended third party beneficiaries of a contract may not sue to enforce the contract's terms.[2] In the absence of any evidence that the Browns are either parties or intended third party beneficiaries of the Merger Agreement, we conclude that their claim of error on the part of the Court of Chancery is without merit. Their request that a Justice of the Delaware Supreme Court be appointed to preside over their claims, apart from having no basis in Delaware law, is moot.
(8) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that Harbinger's motion to affirm is GRANTED. The judgment of the Court of Chancery is AFFIRMED.
NOTES
[1] Supr. Ct. R. 25(a).
[2] Triple C Railcar Service, Inc. v. City of Wilmington, 630 A.2d 629, 632-33 (Del. 1993).